*329 OPINION of the Court, by
Ch. J. Boyle
-This was an action of covenant, brought by the appellees, as executors of John Lee, against the appellants, as administrators of John Breckenridge. The original writ Was sued out the 3d of April 1809. The declaration alleges in. substance that George Nicholas and John Breckenridge, on the 6th day of August 1795, by their deed entered into an agreement with John Lee, whereby they covenanted as follows : That the said Lee had sold that day to Nicholas and Breckenridge one moiety of a claim of 19062 1-2 acres of land, by entry made the 30th of July 1784, in the name of Joseph Blackwell, adjoining Walker Daniel’s entry of 2500 acres, at mouth of Slate creek ; for which the said Nicholas and Breckenridge covenanted to pay the said Lee at the rate of ten pounds per hundred acres for the same, or so much thereof as should thereafter be found to be of krdisputable title ; the price thereof not to be paid until the title should be legally and indisputably ascertained : and the said Nicholas and Breckenridge farther cove- *330 wanted ⅛ take upon themselves the trouble and expensé of settling and investigating the title. The declaration then avers that the said Nicholas and Breckenridge might long since, to wit, before the 15th day of May in the year 1809, have settled and investigated the title to-the said moiety of 1S062 1-2 acres of land ; and alleges that their covenant they have not kept and performed, but have broken in this, that they did not, nor did the defendants before the said 15th day of May in the year 1809, settle and investigate the title to the said moiety £ 1Q062 1-2 acres ; and further, that the said Nicholas and Breckenridge, nor the defendants, nor either of them, have not paid to the said Lee in his lifetime, nor tG> plaintiffs since his death, at the rate of ten pounds per hundred acres for the moiety of the said 19062 1-2 acres, or for any part.
‘ ^hne'fT cifled,'«d the covenant is traniitory or lo-the concurrence of the obligee, formed without his concurrence, the rule to performance,
That R had the'title*'prior
to May 1809, (a day poftenor tíon'ofthewric) U furplufage & harmlefs.
If he had edmmenced the Snveftigation in due time, and titoe iufficient to complete it had notelapfed, it was incum-ftew it by plea.
The breach affigned that B had not invefti. gated the title, is iufficient.
When an af-lignment of breach in the words of the ficlent — *wheif nos
An averment ed^to ^invefti” gate the title, gives the obli¿ gee the fame right to recover the price to the extent, as if B had performed his covenant to inveftigate the title.
*330 The defendants pleaded several pleas — 1st, That the said Nicholas and Breckenridge could not have settled and investigated the title to said moiety of 19062 1-2 acres before the said 15th day of May 1809. 2d, That no part of the title of said moiety has been legally and indisputably ascertained. 3d, That the said Joseph Blackwell hath not a free and indisputable title to the said 19062 1-2 acres, nor to any part thereof. 4th, That the said Nicholas and Breckenridge had kept and’ r , , , • 0 1 performed their said covenants.
To the second and third pleas the plaintiffs demurred, anq COurt below sustained the demurrer. To the ,. ⅛ , , , . , hrst and fourth they replied, and issues were thereon joined to the country. During the progress of the trial instructions of the court to the jury were moved for on the part of the defendants, upon various points, which being refused by the court, exceptions were ta-j-en them, and a verdict and judgment having been J, 1 - 0 had against them they have appealed to this court,
Many objections are taken by the assignment of errors 0f which such as are dee med material will be con- . , ’ , . . . . , sidered in the order in which they occur in the record.
The first we shall notice, questions the sufficiency of averment in the declaration that Nicholas and Brée-kenridge might, before the 15th of May 1809, have settled and investigated the title to the moiety of the sa^ 19062 1-2 acres. That being a time subsequent to the commencement of the suit, it is urged that the *331 averment does not shew a right of action to have aCcru-«d at the emanation of the original writ. If this averment be a material one, the objection is certainly fatal; but on the contrary, if it be immaterial, and might have been stricken out as surplusage, it cannot affect the sufficiency of the declaration, according to the maxim Utile per inutile non vitiatur. We are inclined to think the averment is of the latter description. As no time was stipulated in which the covenant to investigate-and settle the title was to be performed, it was the duty of the covenantors immediately to commence its performance. • This was equally their duty, whether the investigation and settlement of the title be considered transitory or local. In all covenants where that which is stipulated to be done is transitory in its nature and no time is specified for the performance, the covenantor is bound, without being hastened by request, to an immediate performance. Where the thing covenanted to be done is local, the general rule is different; but even in such cases, where the concurrence of the covenantee is not necessary, the general rule does not prevail, and the covenantor is bound to enter upon the performance of the covenant immediately. The concurrence of Lee was clearly not necessary in this case to enable Nicholas and Breckedridge to perform their covenant to settle and investigate the title ; and therefore, although it might be deemed local, still it was their duty to commence its performance without delay, and a failure to do so was a breach of their covenant. It necessarily results that to shew a breach on their part, the averment that they might have performed their covenant before the 15th of May 1809, was not necessary or material. It is true that from the nature of their covenant a considerable time must be consumed in its performance j but more or less time is required for the performance of any act which may be the subject of a contract. In this respect there is in principle no difference between this case and other cases where there is no time specified for the performance, of that which is covenanted to be done ; and as inordinary cases of this kind it is not usual to aver that the thing might be done by a given time, we infer that such an averment is unnecessary. If the necessary time for the completion of the thing has pot elapsed, it may furnish a legal excuse for the non *332 performance, and the party, may avail himself of it by way of defence. But in such a case it would be requisite to shew that he had commenced the performance in due time. The objection', therefore, to the declaration on account of the insufficiency of this averment, cannot be sustained.
Breach that B had not paid at the rate of io/. per ioo a« eres, is infuffi, cient, without *n averment that I/s title to the land, or fome part there» of, would have been found in« difputable, if B had performed his covenant to inveftigate it*
If z breaches are afiigned and the defendant pleads to the *whole action, ⅝ plea which is good as to the one breach, but not as to the other, the pl’ff may demur.
*332 The next objection we shall consider is, that the breaches of the covenant are not sufficiently alleged.
The covenant to investigate and settle the title, and the covenant to pay, &c. are several and distinct covenants ; and there is no doubt that a breach in each of them is intended to be alleged. As to the former, there can.be no question but that the breach is well assigned. It is assigned substantially in the words of the covenant, and it is a general rule that such an assignment is good. There are some exceptions to this rule ; but it is only in those cases where an assignment of a breach in the words of the covenant does not necessarily imply that the covenant has been broken, that the exception would apply, as in the case of a covenant of warranty or for quiet enjoyment. In these cases, and some others of a like nature, a breach in the words of the covenant might be true, and yet the covenant not have been broken; but in this case the assignment of the breach cannot be true, unless the covenant had been broken.
With respect to the sufficiency of the breach assigned in the covenant to pay, there is more room for doubt. We are however inclined to think it is not well assigned, it being alleged neither in the words of the covenant, nor, as we apprehend, according to its legal effect. We do not consider this breach insufficient, because it does not aver that the title had been indisputably ascertained. The ascertainment of the title was indeed a precedent condition or event, upon which the payment, agreeably to the words of the covenant, was to be made ; but as this precedent condition was to be performed by the covenantors, an averment that they have failed to perform it. is in iaw equivalent to an averment of periorm-anee,(a) and gives to the plaintiffs a right to recover to same extent that they would have been entitled to if tne condition had been periomed.
But it is obvious that a failure of the covenantors to have performed their undertaking'to'-settle and investí-' gate the title, could not give to the plaintiffs a right to *333 recover for a breach of the covenant to pay the price agreed on, to a greater extent than they would have had if that undertaking had been performed. A contrary position would involve the absurdity of giving to the plaintiffs a right to demand more than by the covenant had been stipulated to be received on their part, or to be paid on the part of the defendants : a position which is evidently inadmissible.
It is clear if the covenantors had investigated the title, they would have been liable for the stipulated price' of only so much of the tract as should have been found to be of indisputable title ; and if none had been found to be of that character, that they would not have been liable for the payment of any part. The breach of the covenant to pay, therefore, to be good, should have alleged that the title to the whole, or some part of the tract, would, if the covenantors had performed their covenant to investigate, &c. have been found to be valid.* But it contains no such averment: on the contrary, it presupposes a right to recover, whether the title would on investigation have proved valid or not. The breach is therefore insufficiently assigned, and as the verdict is for damages generally, without shewing for what breach, it is erroneous, and for this cause the judgment must be reversed.
The court below, we think, correctly sustained the demurrer to the second and third pleas. They are pleaded as answers to the whole declaration, but are clearly no sufficient answers to the first breach of the covenant assigned- They are defective also in other respects, but as the plaintiffs will have leave to amend t-heiy declaration, and will probably do so, the defendants will have aright to replead, and may so change the aspect of their pleadings as to render unnecessary any farther remark upon these pleas.
The points to which exceptions were taken to the opinions of the court below in the progress of the trial, have been in effect, so far as they are deemed material, *334 decided in the investigation of the pleadings, and need not be particularly noticed again.
The judgment must be reversed with costs, and the cause remanded that the verdict may be set aside and new proceedings had not inconsistent with the foregoing opinion.

Vide Marshall vs. Craig, vol. 1, 379 to 396 —vol. 2, Majors vs Hickman, 219-Carrell vs. Collins, 431—Kenndy vs. Kennedy, 464.

 Tamen quaere de ¿wc. — If this 'was an eflential. and neceflary averment (and not difpenfed with by the failure of B. to investigate and fettle the tide) then this averment would have been traverfable $ and if traverfed, the trouble and expenfe of inveftigating the title would have been incurred by L. the affir-mant, agaifift B.the traverf&r, which was the predicament which the covenant was calculated and Intended to avoid.